## DANIELS v. BOWRON.*

### No. 8709.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1938.

E. H. Wilkerson, of Eustis, Fla., for appellants.

C. E. Duncan, of Tavares, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellants, plaintiffs below, sought to foreclose two mortgages, each of which was signed by the appellee, Rupert V. Bowron, sole defendant, and two other persons who were not parties to this suit. Appellee filed an answer to the bill of complaint denying that the instruments sought to be foreclosed were executed by him and alleging that they, together with the notes described therein, were forgeries. No cross bill was filed or affirmative relief sought. The answer closed with a prayer that the bill be dismissed and that the defendant be permitted to go hence, with costs.

Two issues were stated by the court below,—one involving the citizenship of the plaintiff, the other the authenticity of the signatures. Both were issues of fact which the court decided from a preponderance of the evidence. We agree with his evaluation of the testimony and documentary proof. We think the court had jurisdiction on the ground of diversity of citizenship and that the signatures of appellee to the notes and mortgages were forged.

While we think the court committed no error in dismissing the bill, with costs against appellants, we find that it went too far in granting affirmative relief which was not sought and with respect to persons who were not before the court. One mortgage, and the note which it secured, were signed not only by appellee but by John and Sarah J. Bowron; the other was signed by Frank L. Bowron, Oveide Bowron, and appellee. The note which it secured was signed by John and Rupert V. Bowron. The court found and declared that the signatures of appellee upon the notes and mortgages were forgeries. It is unnecessary for us to say whether the appellee would have been entitled to affirmative relief if he had asked for it. Having asked no further relief than that the bill be dismissed and costs awarded against appellants, we think the decree should have stopped with granting what

was asked. If there were no other signatures on the instruments, no harm could flow from cancellation; but in view of the signatures of persons not before the court, and the absence of any prayer for affirmative relief, we direct that the decree be modified so as merely to dismiss the bill with costs, and without prejudice to any rights based on other valid signatures. As appellee has won a substantial victory upon all of the controverted issues, both here and in the court below, it is ordered that appellants be assessed with the costs of this appeal.

The decree of the court below is modified and affirmed.